**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**MICHAEL ACEVEDO,**

**Plaintiff,**

**vs.** **CASE NO: 4:19-CV-00262-WS-MAF**

**T. THOMAS,**
**et al.**

**Defendant.**

**______________________/**

## REPORT AND RECOMMENDATION

Plaintiff, Michael Acevedo, an inmate proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 6. The complaint was served upon Defendant Thomas. ECF No. 19. Defendant Thorpe has yet to be served. This cause is presently before the Court upon Defendant Thomas' limited motion to dismiss Plaintiff's request for declaratory relief. ECF No. 26.

After careful review of the pleadings in this matter, for the reasons stated below, the motion to dismiss should be GRANTED; and Plaintiff's claim for declaratory relief should be DISMISSED.

## I. Plaintiff's Complaint, ECF No. 1.

Plaintiff claims that on January 4, 2019, at approximately 6:20 a.m., he asked the shift supervisor, Defendant Thomas, to relocate him to a different unit dorm because a "hit" had been placed upon him by another inmate. ECF No. 1, p. 5. Both Plaintiff and the inmate were assigned to "Protective Management" at Wakulla Correctional Institution ("Wakulla C.I."). Id. Plaintiff told Thomas that an inmate was going to attack him and this inmate, on a prior occasion, had previously attempted to stab Plaintiff. Id. According to Plaintiff, Thomas cursed at Plaintiff and told him to go back to the unit. Id. Plaintiff alleges that Defendant Thorpe stood nearby and listened but did nothing. Id. Plaintiff was afraid of Thomas because Thomas is six feet nine inches tall and "weighs at least 450 pounds." For this reason, Plaintiff did not challenge Thomas and returned to the unit. Id. Shortly thereafter, the inmate attacked Plaintiff with "a large, heavy metal locker as a weapon and attempted to bludgeon [Plaintiff] in [the] head." Id., p. 6. Plaintiff was able to evade the inmate somewhat and, instead, the locker slammed into Plaintiff's back. Id. The "Institutional Classification Team" then placed Plaintiff in confinement for "protective review." Id.

Plaintiff claims Defendants violated his rights under the Eighth Amendment by failing to protect him and being deliberately indifferent to the

extreme risk of harm. Id., p. 7. Plaintiff seeks a declaration that Defendants violated his constitutional rights; $10,000 in monetary damages against each Defendant; punitive damages in the amount of $50,000 against each Defendant; and nominal damages in the amount of $1.00. Id.

## II. Standard of Review

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Although legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. Id. at 679. Detailed factual allegations are not required, but the complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555 (citation omitted). The factual allegations must adequately "raise a right to relief above the speculative level." Id.

(citations omitted). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by* Mohamad v. Palestinian Auth., 566 U.S. 449 (2012).

When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (citing SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988)).

## III. Discussion

Defendant Thomas filed a limited "Motion to Dismiss Plaintiff's Complaint," ECF No. 26, arguing that Plaintiff may not seek declaratory relief in this case because the claim relates to Defendant Thomas's past conduct. Accordingly, Defendant Thomas maintains Plaintiff's request for declaratory relief warrants dismissal. Id. Plaintiff did not file a reply.

Declarations that a defendant has violated a plaintiff's constitutional rights are barred by sovereign immunity. The Eleventh Amendment of the U.S. Constitution bars suit against a state in federal court absent valid congressional override, waiver of immunity, or consent to suit. See Wusiya v. City of Miami Beach, 614 F. App'x 389, 393 (11th Cir. 2015). This principle

is not abrogated by § 1983 for damage suits; and Florida has not waived its immunity from § 1983 suits. Id. A state and an agency of a state are, thus, immune from liability under § 1983. See Williams v. Robbins, 153 F. App'x 574, 576 (11th Cir. 2005). This Eleventh Amendment Immunity bar applies regardless of whether a plaintiff seeks money damages or prospective injunctive relief. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "Suits against state officials in their official capacities therefore should be treated as suits against the State." Holmes v. Hale, 701 F. App'x 751, 753 (11th Cir. 2017).

Ex parte Young provides a narrow exception to Eleventh Amendment immunity in cases where a party is seeking prospective relief against State officials for violations of federal law. 209 U.S. 123 (1908). Although Ex parte Young allows declaratory relief, this doctrine applies only when the alleged violations are ongoing and not when the relief pertains to past violations of federal law. See Green v. Mansour, 474 U.S. 64, 73 (1985) (sovereign immunity bars claims for declaratory relief because the issuance of such a judgment would have "the same effect as a full-fledged award of damages or restitution by the federal court."). See also Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1337 (11th Cir. 1999) (citing Papasan v. Allain, 478 U.S. 265, 277-78 (1986) and Green, 474 U.S. at 68 ("[T]he *Ex parte Young*

doctrine applies only to ongoing and continuous violations of federal law. In other words, a plaintiff may not use the doctrine to adjudicate the legality of past conduct.").

Plaintiff does not indicate in his complaint whether he sues the Defendants in their individual or official capacities. ECF No. 1. However, because *pro se* litigants are entitled to liberal construction, the Court construes Plaintiff's complaint as against the Defendants in their individual and official capacities. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). At the time of the incident, the Defendants, prison correctional officers, were employees of the Florida Department of Corrections, a state entity entitled to Eleventh Amendment Immunity. This immunity extends to Defendants.

Plaintiff clearly makes claims against Defendants for their past conduct and seeks declaratory relief that his rights were violated. Unfortunately, this remedy is not available to Plaintiff as a matter of law because the violations are not "ongoing." Green, 474 U.S. at 73. It is worth noting that Plaintiff is no longer housed at Wakulla C.I., where the incident occurred. Therefore, there is no risk that Defendants have the opportunity to violate Plaintiff's rights in the future.

## IV. Conclusion and Recommendation

It is respectfully recommended that Defendant Thomas' Motion to Dismiss, ECF No. 26, be GRANTED, in part, as to Plaintiff's request for declaratory relief in this case. Defendant Thomas shall file an answer to Plaintiff's remaining counts within twenty days, on or before **November 28, 2020**.

IN CHAMBERS at Tallahassee, Florida, on November 18, 2020.

***/s/* Martin A. Fitzpatrick**
**MARTIN A. FITZPATRIC**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).