**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MICHAEL ACEVEDO**

    **Plaintiff,**

vs.                                        **CASE NO.: 4:19-CV-262-WS-MAF**

**CAPTAIN T. THOMAS,
et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Michael Acevedo, an inmate proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 6. The complaint was served upon Defendant Thorpe. ECF No. 46. This cause is presently before the Court upon Defendant Thorpe's "Motion to Dismiss Plaintiff's Complaint," asserting that Plaintiff failed to exhaust his administrative remedies, under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a), and Plaintiff's claim for declaratory relief warrants dismissal because it is related to past conduct. ECF No. 48. Because the declaratory relief claims were previously dismissed from this case, the only

matter addressed in this Report is whether the claims against Defendant Thorpe are barred for failure to exhaust administrative remedies.[1]

After careful review, the motion to dismiss should be GRANTED; and Plaintiff's claims against Defendant Thorpe should be DISMISSED for the reasons stated below.

## I. Plaintiff's Complaint

The Undersigned summarized Plaintiff's complaint in the earlier Report and Recommendation, ECF No. 29, as follows:

> Plaintiff claims that on January 4, 2019, at approximately 6:20 a.m., he asked the shift supervisor, Defendant Thomas, to relocate him to a different unit dorm because a "hit" had been placed upon him by another inmate. ECF No. 1, p. 5. Both Plaintiff and the inmate were assigned to 'Protective Management' at Wakulla Correctional Institution . . . Id. Plaintiff told Thomas that an inmate was going to attack him and this inmate, on a prior occasion, had previously attempted to stab Plaintiff. Id. According to Plaintiff, Thomas cursed at Plaintiff and told him to go back to the unit. Id. Plaintiff alleges that Defendant Thorpe stood nearby and listened but did nothing. Id. Plaintiff was afraid of Thomas because Thomas is six feet nine inches tall and 'weighs at least 450 pounds.' For this reason, Plaintiff did not challenge Thomas and returned to the unit. Id. Shortly thereafter, the inmate attacked Plaintiff with 'a large, heavy metal locker as a weapon and attempted to bludgeon [Plaintiff] in [the] head.' Id., p. 6. Plaintiff was able to evade the inmate somewhat and, instead, the locker slammed into Plaintiff's back. Id. The 'Institutional Classification Team' then placed Plaintiff in confinement for 'protective review.' Id.

---

[1] See Report and Recommendation, ECF No. 29, and Order adopting, ECF No. 37.

Case No. 4:19-CV-262-WS-MAF

> Plaintiff claims Defendants violated his rights under the Eighth Amendment by failing to protect him and being deliberately indifferent to the extreme risk of harm. Id., p. 7. Plaintiff seeks . . . $10,000 in monetary damages against each Defendant; punitive damages in the amount of $50,000 against each Defendant; and nominal damages in the amount of $1.00. Id.

## II.  Standard of Review

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Although legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. Id. at 679. Detailed factual allegations are not required, but the complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555 (citation omitted). The factual allegations must adequately "raise a right to relief above the speculative level." Id.

(citations omitted). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by* Mohamad v. Palestinian Auth., 566 U.S. 449 (2012).

When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (citing SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988)).

The PLRA requires a prisoner to exhaust his administrative remedies before filing a civil rights action. 42 U.S.C. § 1997(e); Porter v. Nussle, 534 U.S. 516, 524 (2002); Gould v. Owens, 383 F. App'x 863 (11th Cir. 2010). There is no discretion to waive this requirement. Id. The PLRA requires proper exhaustion in compliance with the procedural rules and deadlines of an institution's grievance system. Woodford v. Ngo, 548 U.S. 81 (2006). The exhaustion requirement "reduces the quantity and improve[s] the quality of prisoner suits" and affords prison officials the opportunity to address complaints internally before a Section 1983 case is filed. Porter, 534 U.S. at 525. This includes the filling of an appeal. Even if an appeal were futile, the

requirement cannot be waived. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

The issue of whether a prisoner failed "to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Such a "defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." Id. It is "not generally an adjudication on the merits." Id.

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (citation omitted). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. (citing to Bryant, 530 F.3d at 1373-74).

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082 (citing Bryant, 530 F.3d at 1373-74, 1376). The burden of proof for evaluating an exhaustion defense rests with

the Defendant. Jones v. Bock, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Turner, 541 F.3d at 1082-83.

### III.    Discussion

In the motion to dismiss, Defendant Thorpe asserts that Plaintiff's Complaint warrants dismissal because Plaintiff failed to exhaust his administrative remedies as required under the PLRA. ECF No. 48, pp. 3-10. Defendant Thorpe asserts that, in the complaint, Plaintiff made no specific allegations regarding his grievances and made vague allegations that the grievances documented the incident but did not submit the grievances with his complaint. Id., p. 8. According to Defendant Thorpe, Plaintiff's filed just two grievances about the alleged incident; however, those grievances make no reference to Defendant Thorpe. Id., p. 9. Plaintiff's informal grievance 122-1901-0123 was submitted to the prison on January 8, 2019, just four days after the incident. ECF No. 48-1, pp. 1-3. In the grievance, Plaintiff mentioned only one prison official as responsible for failing to protect him from the inmate who assaulted him, namely, "the Captain." Id. The prison responded that the incident would be investigated. Id. Plaintiff appealed the grievance on January 23, 2019. Id., p. 4. Plaintiff's appeal was returned

without action for failure to properly comply with the grievance procedure. Id., p. 5.

In Brown v. Sikes, 212 F.3d 1205, 1210 (11th Cir. 2000), the Eleventh Circuit held that: "42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims . . . as the prisoner reasonably can provide." The failure to name a prison official or to specify the facts or nature of prisoner's claim in his grievance could later prove fatal to a civil rights claim. See Moore v. McNeil, Case No. 09-22754-CIV-Seitz/White, 2016 U.S. Dist. LEXIS 118218 (S.D. Fla. Sept. 1, 2016) (order adopting magistrate judge's report and recommendation). For example, where a grievance offers "little in the way of details" and does not include dates, names, or fails to indicate mistreatment by staff, it cannot be alleged that the grievance process is exhausted. Williams v. Barrow, 559 F. App'x 979, 986 (2014). In short, Plaintiff must provide some level of information. Here, Plaintiff pointed to only one prison official – an unnamed captain. ECF No. 48-1. In fact, Plaintiff provided no information in his grievance that Defendant Thorpe failed to protect him, or, for that matter that anyone else stood nearby and listened but did nothing. Id.

Paragraph III on the complaint form makes clear that the exhaustion of administrative remedies is required prior to the filing of a civil rights action.

ECF No. 1, p. 3. The form warns a plaintiff that unexhausted claims "may be subject to dismissal." Id. Plaintiff asserted in his complaint that "all [is] documented in [his] medical file and on grievances . . . see included copies of grievances." ECF No. 1, p. 6. Although Plaintiff did not provide any copies of the grievances with his complaint, he is not required to demonstrate exhaustion because exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). A prisoner's Section 1983 claims are procedurally defaulted when he fails to exhaust his administrative remedies. See Johnson v. Meadows, 418 F.3d 1152, 1159 n.1 (11th Cir. 2005). As Plaintiff was warned on the Court's complaint form, ECF No. 1, he must exhaust his administrative remedies before seeking relief in a Section 1983 action. Clearly, Plaintiff failed to exhaust his administrative remedies against Defendant Thorpe; therefore, these claims are due to be dismissed.

Finally, Defendant Thorpe filed the motion to dismiss on February 17, 2021. ECF No. 48. On March 9, 2021, the Court issued an order informing Plaintiff that he had until April 9, 2021, to file a response in opposition. ECF No. 49. The Court warned that failure to respond to the motion to dismiss may result in granting Defendant's motion "by default" pursuant to N.D. Fla. Loc. R. 7.1(H). Plaintiff has not filed a reply; therefore, the motion may be granted by default.

## IV. Conclusion and Recommendation

It is respectfully recommended that Defendant Thorpe's Motion to Dismiss be GRANTED on the merits for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 1997(e) or, alternatively, by default for Plaintiff's failure to file a memorandum in opposition. N.D. Fla. Loc. R. 7.1(H). It is also recommended that the claims against Defendant Thorpe be DISMISSED. Finally, the case should continue against Defendant Thomas for the reasons stated in the Undersigned's prior Report and Recommendation, ECF No. 29, which was adopted by the Court on December 18, 2020, ECF No. 37.

IN CHAMBERS at Tallahassee, Florida, on April 15, 2021.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).